IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMEKA U. MOH, : | |
| : | |
| Plaintiff, : | CIVIL ACTION FILE NO. |
| : | 1:10-CV-04058-TWT-AJB |
| v. : | |
| : | |
| THE CITY OF ATLANTA, : | |
| : | |
| Defendant. : | |

**ORDER FOR SERVICE OF**
**REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for

obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this   20th   day of   May   , 2011.

 
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMEKA U. MOH, | : |
| | : |
| Plaintiff, | : CIVIL ACTION FILE NO. |
| | : 1:10-CV-04058-TWT-AJB |
| v. | : |
| | : |
| THE CITY OF ATLANTA, | : |
| | : |
| Defendant. | : |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Currently before the Court is Defendant's Motion to Dismiss. [Doc. 5]. For the reasons set forth below, the undersigned **RECOMMENDS** that Defendant's motion be **GRANTED**.

*Introduction*

Plaintiff, proceeding *pro se*, filed this civil action on December 14, 2010, against Defendant, the City of Atlanta ("Defendant"). [Doc. 1]. In four counts, Plaintiff alleged that Defendant: (1) violated 42 U.S.C. § 1981 by discriminating against him because of his race and national origin when it (a) did not provide proper staffing, (b) disparately treated Plaintiff, (c) placed Plaintiff on administrative leave, and (d) terminated Plaintiff (Count 1); (2) violated Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") by retaliating against him (Count 2); (3) defamed him (Count 3); and (4) tortiously interfered (Count 4). (*See* Complaint in Doc. 1). On April 7, 2011, Defendant filed a motion to dismiss. [Doc. 5]. Plaintiff did not file a response. [*See* Dkt.]. With briefing completed the undersigned turns to the merits of Defendant's motion.

*Facts*[1]

Plaintiff is a black male who was born in the Federal Republic of Nigeria. (Complaint ¶ 1). He was hired by Defendant in the Department of Watershed Management in October 1993 as an Industrial Sampling Inspector. Plaintiff was promoted to a Pollution Control Monitor Chief ("Monitor Chief") in 2000, which was a position that he held until his termination in January 2009. (*Id.* ¶¶ 2, 6). While employed as the Monitor Chief, Plaintiff was not given a sufficient number of inspectors and was not given support from his supervisors to perform his job, and he complained to his supervisors about the staff shortages and lack of support. (*Id.* ¶¶ 7-8). Plaintiff was placed on administrative leave for making his complaints. (*Id.* ¶ 9).

---

[1] In considering a motion to dismiss under Rule 12(b)(6), courts "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (noting that all allegations in the complaint are to be taken to be true even if doubtful in fact).

2

Due to the staff shortages, Plaintiff had to perform more field work than other department supervisors.  (*Id.* ¶ 9).

Although other supervisors received promotions, Plaintiff was not given a promotion.  Also, white or non-Nigerian co-workers with less experience and less education received promotions.  (*See id.* ¶¶ 12, 14).  When Plaintiff complained about not being promoted on the basis of race and national origin, he was placed on administrative leave.  (*Id.* ¶ 16).  Plaintiff was also terminated from his position on January 14, 2009, which he believed was based on his race.  (*Id.* ¶¶ 2, 21).

*Discussion*

### 1. Motion to Dismiss Standard

Under FED. R. CIV. P. 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).  Under the Supreme Court's *Twombly* decision and its progeny (*Erickson v. Pardus*, 551 U.S. 89 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)), the Rule 8 requirement is satisfied when the complaint contains

3

more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .

*Iqbal*, 129 S. Ct. at 1949 (internal punctuation and citations to *Twombly* omitted). A court "may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1951). This interpretation of the Rule 8 standard applies to *pro se* litigants although *pro se* litigants' complaints are held to less stringent standards and are liberally construed. *See Erickson*, 551 U.S. at 94.

### 2. *Plaintiff's Failure to Respond*

Under this Court's Local Rules, the "[f]ailure to file a response shall indicate that there is no opposition to the motion." N.D. Ga. R. 7.1B. However, "the court, in its discretion, may waive a Local Rule." *Edwards v. Shalala*, 846 F. Supp. 997, 998 n.2

(N.D. Ga. 1994). Additionally, courts generally do not grant a motion to dismiss based on a *pro se* plaintiff's failure to respond to the motion. *Daniel v. United States*, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (Hull, J.) (stating that a motion to dismiss for failure to state a claim cannot be granted on the basis that the plaintiff fails to respond); *Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga. 2004) (Carnes, J.) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to motion to dismiss); *see also McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000); *cf. Magluta v. Samples*, 162 F.3d 662, 664-65 (11th Cir. 1998) (stating that district court has discretion to dismiss action under Local Rule 7.1B where plaintiff, represented by counsel, did not respond to motion to dismiss). As a result, the undersigned addresses the merits of Defendant's motion despite Plaintiff's failure to respond.

### 3. Analysis

Defendant seeks dismissal of Plaintiff's 42 U.S.C. § 1981 claims because it is not liable on a theory of respondeat superior. [Doc. 5 at 4-5]. Defendant seeks dismissal of Plaintiff's Title VII claims on time bar grounds because Plaintiff did not file suit within 90-days of receiving his right to sue letter. [*Id.* at 5-6]. Given that both of Plaintiff's federal claims should be dismissed, Defendant asks that the Court not

exercise supplemental jurisdiction over Plaintiff's state law claims. [*Id.* at 6 & n.23]. In the event that the Court considers these state law claims, Defendant asserts that the state law claims should be dismissed because Plaintiff has not alleged that he complied with the *ante litem* statute, [*id.* at 7-8], and that even if such notice were given, the state law claims should be dismissed because Defendant has sovereign immunity, [*id.* at 9-10]. The undersigned addresses these arguments below.

### *a.   42 U.S.C. § 1981*

"Section 1983 'constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981.' " *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1273 n.3 (11th Cir. 2008) (quoting *Butts v. County of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000)); *Vason v. City of Montgomery*, 240 F.3d 905, 906 n.1 (11th Cir. 2001). "A municipality may not be held liable under section 1983 on a theory of respondeat superior." *Snow ex rel. Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1270-71 (11th Cir. 2005). Instead, a city is liable under § 1983 when the execution of a city's policy or custom causes the injury. *Id.*

The undersigned concludes that Plaintiff's § 1981 claims should be dismissed. As Defendant notes, Plaintiff seeks to sue Defendant based on the actions of its employees in failing to provide proper staffing, disparately treating Plaintiff, placing

6

Plaintiff on administrative leave, and terminating Plaintiff. Thus, it appears that Plaintiff seeks to hold Defendant liable on respondeat superior grounds, which he cannot do. *See Snow ex rel. Snow*, 420 F.3d at 1270-71. To the extent that Plaintiff wanted to assert that Defendant's actions were based on a custom or policy of discrimination by Defendant, Plaintiff has made no allegations that his supervisors were executing a policy or custom. Accordingly, Plaintiff's § 1981 claims should be **DISMISSED**.

> b.   *Title VII*

Before bringing a Title VII claim in court, a plaintiff must first exhaust his administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Of relevance to this case, a plaintiff must file his lawsuit within 90 days of receiving his right to sue letter. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1)); *see also Gant v. Jefferson Energy Co-op*, 348 Fed. Appx. 433, 434 (11th Cir. 2009). "[W]hen a plaintiff does not assert that he or she received the right-to-sue letter on a specific date, the Court presumes the plaintiff received the letter three days after it was mailed." *Marshall v. Eadison*, No. 7:04-cv-123, 2005 WL 3132352, *2 (M.D. Ga. Nov.22, 2005) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 (1984)); *Mack v. W.R. Grace Co.*,

7

578 F. Supp. 626, 631 n.5 (N.D. Ga. 1983) (Evans, J.). This 90-day time period may be tolled.[2] *See Wakefield v. Cordis Corp.*, 211 Fed. Appx. 834, 836 (11th Cir. Nov. 20, 2006); *Zillyette v. Capital One Fin. Corp.*, 179 F.2d 1337, 1342 (11th Cir. 1999). When the defendant challenges the timeliness of the filing of a lawsuit, the plaintiff has the burden of establishing its timeliness. *Green*, 281 F.3d at 1234.

The undersigned concludes that Plaintiff's Title VII claims are untimely. The EEOC issued its right to sue letter on March 11, 2010, (*see* Right to Sue Letter in Doc. 5 at Exh. A),[3] which meant that Plaintiff was presumed to have received the letter

---

[2] The Eleventh Circuit has explained that "traditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances," which include "fraud, misinformation, or deliberate concealment." *Gant*, 348 Fed. Appx. at 434 (quoting *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007)).

[3] The undersigned recognizes that a court ordinarily cannot consider documents attached to a motion to dismiss. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and exhibits attached thereto.") *Ware v. Polk County Bd. Of County Comm'rs*, 394 Fed. Appx. 606, 608 (11th Cir. Aug. 25, 2010). However, a court may consider documents attached to a motion to dismiss without converting it into a motion for summary judgment where the document is "(1) central to the plaintiff's claim and (2) undisputed," *i.e.*, the authenticity of the document is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The undersigned concludes that it is appropriate to consider right to sue letter because Plaintiff has not disputed its authenticity and the right to sue letter is central to Plaintiff's complaint given that a right to sue letter . . . is a condition precedent to filing Title VII claims. *See Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. Aug. 16,

8

on March 15, 2010. *Marshall*, 2005 WL 3132352 at *2. Plaintiff therefore had 90 days after March 15, *i.e.*, until June 14, 2010, to file his lawsuit. *See* 42 U.S.C. § 2000e-5(f)(1). Plaintiff waited, however, until December 14, 2010, to file his Title VII claims. [*See* Doc. 1]. He has not explained the reason for his delay. As a result, Plaintiff's Title VII claims are untimely and therefore should be **DISMISSED**.[4]

          c.    State Law Claims

              i. *Supplemental Jurisdiction*

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have supplemental jurisdiction over all other claims, including state-law claims, that are

---

2010) (holding that district court properly considered right to sue letter attached to motion to dismiss because it was central to plaintiff's complaint). Additionally, it is not error for a court to consider evidence outside of the pleadings when a motion to dismiss is based on exhaustion of administrative remedies. *Tillery v. United States Dep't of Homeland Security*, 402 Fed. Appx. 421, 425 (11th Cir. Oct. 22, 2010).

[4]    Given Plaintiff's failure to respond to the motion to dismiss, Plaintiff has not made any arguments that he is entitled to equitable estoppel, so the undersigned does not consider whether tolling is appropriate in this case. *See Zillyette*, 179 F.3d at 1342 n.5 ("[Plaintiff] does not make any argument that he is entitled to equitable estoppel. [The court] thus need not consider the application of equitable estoppel in this case.").

9

"so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c)(3). When deciding whether to exercise supplemental jurisdiction over a state-law claim, a district court should consider, among other factors, "judicial economy, convenience, fairness and comity." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) (noting "the argument for dismissing state law claims in order to allow state courts to resolve issues of state law is even stronger when the federal law claims have been dismissed prior to trial"). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction" and dismiss the state claims without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).

Here, the undersigned has recommended dismissing all of Plaintiffs' federal claims, and Defendant has asked that the Court not exercise supplemental jurisdiction. [*See* Doc. 5 at 6 & n.23]. Given this request and the absence of any pending federal

10

claims, Plaintiffs' state law claims are best left for the Georgia courts to resolve. Accordingly, if the District Court adopts the recommendation to dismiss Plaintiffs' federal law claims, the undersigned further **RECOMMENDS** that the District Court **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISS WITHOUT PREJUDICE** these state law claims. *Ingram v. Sch. Bd. of Miami-Dade County*, 167 Fed. Appx. 107, 108 (11th Cir. 2006). In the event that the District Court disagrees with this recommendation, the undersigned addresses Defendant's argument relating to the ante litem notice below.

### ii. Ante Litem

Georgia law requires that a plaintiff follow certain prerequisites before suing a city:

> Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

O.C.G.A. § 36-33-5(b). In other words, this statute "requires, as a condition precedent to bringing suit against a municipal corporation for damages resulting from injuries to

11

person or property," that the plaintiff give the city notice within six months of the event.[5] *City of Chamblee v. Maxwell*, 264 Ga. 635, 636, 452 S.E.2d 488, 489-90 (1994). Thus, "no tort action may be brought against a municipal government until the claimant" provides the ante litem notice. *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1228 (11th Cir. 2002). "The statute is in derogation of the common law and must be strictly construed against the municipality." *Canberg v. City of Toccoa*, 245 Ga. App. 75, 77, 535 S.E.2d 854, 856 (2000). "Substantial compliance with the requirements" of the statute is all that is required. *Id.*

In this case, there is no indication of any attempt at compliance with the ante litem statute. Plaintiff has not responded to the motion to dismiss arguing that he provided the statutorily required notice. Also, Plaintiff's complaint does not cite section 36-33-5(b), nor does it otherwise indicate that Plaintiff provided the requisite written notice to the City prior to initiating suit. "Where a complaint fails to allege that such written notice has been given, the Georgia courts have held that the complaint does not state a cause of action against a municipal corporation." *Dague v. Riverdale Athletic Ass'n*, 99 F.R.D. 325, 327 (N.D. Ga. 1983) (citing *City of Atlanta v. Frank*,

---

[5] "Ante litem notice is sufficient if presented to the city attorney or any department or official of the municipal government." *Canberg v. City of Toccoa*, 245 Ga. App. 75, 78, 535 S.E.2d 854, 857 (2000).

12

120 Ga. App. 273, 275, 170 S.E.2d 265, 267 (1969) ("This compliance must be alleged in the complaint or else it cannot state a cause of action."), *overruled on other grounds by City of Atlanta v. Black*, 265 Ga. 425, 427 n.2, 457 S.E.2d 551, 553 n.2 (Ga. 1995)). Therefore, the undersigned concludes that Plaintiff's state law claims should be **DISMISSED**.[6]

*Conclusion*

For the above reasons, the undersigned **RECOMMENDS** that Defendant's motion be **GRANTED**. [Doc. 5]. Specifically, the undersigned **RECOMMENDS** that the District Court: (1) **DISMISS** Plaintiff's Title VII and § 1981 claims for failure to state a claim; and (2) either (a) **DECLINE** to exercise supplemental jurisdiction over Plaintiff's State law claims and **DISMISS** these claims without prejudice, or, (b) **DISMISS** the State law claims for failure to state a claim.

---

[6] Defendant also argues that it has sovereign immunity from Plaintiff's state law claims, but given the other two recommended bases for dismissal of the state law claims, the undersigned does not address the sovereign immunity argument.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 20th day of May , 2011.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**